**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

FAROOQ ALI and SHAZIA MEHR,

    Plaintiffs,

v.

BANK OF AMERICA c/o Zucker, Goldberg & Ackerman, MUNICIPAL TAX COLLECTOR, JUDITH VASSALLO, US BANK CUST/TLCF 2012, LLC c/o US BANK TAX LIEN SERVICES GROUP, THE SHERIFF DEPARTMENT, FRANK J. PROVENZANO, SR. SHERIFF,

    Defendants.

Civil Action No. 18-2054 (MAS) (DEA)

**MEMORANDUM ORDER**

    This matter comes before the Court on Plaintiffs Farooq Ali and Shazia Mehr's ("Plaintiffs") Emergency Motion for Stay of Eviction Pending Outcome of this Litigation (ECF No. 12). By way of background, Plaintiffs filed this Action on February 13, 2018 alleging: (1) Violation of 42 U.S.C. § 1983; (2) "42 U.S.C. § 1983 and 1985 (2)(3) Conspiracy"; (3) "Violation of 42 U.S.C. § 1983: Refusing or Neglecting to Prevent"; (4) Malicious Abuse of Process; (5) "Title 18 241 & 242 Conspiracy"; (6) Intentional Infliction of Emotional Distress; (7) Mail Fraud; and (8) Fraud. (ECF No. 1.)

    On February 27, 2018, Plaintiffs filed certified mail receipts, presumably showing that Plaintiffs mailed the Summons and Complaint to Defendants. (ECF. No. 3.) As this does not constitute proper service (*see* Fed. R. Civ. P. 4), and assuming Defendants were not otherwise properly served, the Defendants were not obligated to respond. Nevertheless, one Defendant—Judith Vassallo—appeared and filed a Motion to Dismiss without challenging service.

(ECF No. 5.) Subsequently, Plaintiffs filed a "Motion to Compel Defendants to Sign a Sworn Affidavit and Rebut Petitioner's Affidavit" (ECF No. 9), an "Application for Temporary Restraining Order" (ECF No. 10), and an "Emergent Motion to Stay Eviction Pending Outcome of this Litigation" (ECF No. 12). The application for a restraining order and the emergent motion appear to be related to a pending eviction—whereby Plaintiffs ask the Court to stay the eviction until the conclusion of this litigation, in which Plaintiffs assert constitutional claims.

Plaintiffs' Complaint, which is confusing and, at times, incomprehensible—appears to claim that one or both Plaintiffs signed an "unconscionable contract" to purchase their property and Bank of America filed a foreclosure action on April 21, 2014. (Compl. 2.)[1] Plaintiffs were "not aware of the lender obtaining the promissory note" and Plaintiffs were allegedly fraudulently induced into signing the note. (*Id.*) Plaintiffs claim that "a reasonable mind can determine a conspiracy against Petitioners['] rights." (*Id.* at 12.) The underlying facts are mostly gleaned from the exhibits attached to the Complaint, which relate to a previously-resolved state court *lis pendens* action and the Sheriff's Sale of Plaintiffs' property.[2] (Exhibits to Compl. 1, 3, 5, 7, 9, 5, 12-15, 16-22, 27, ECF No. 1-1.) Plaintiffs also attach a document dated February 5, 2018, titled

---

[1] Plaintiffs' Complaint does not contain page numbers, therefore, the Court refers to the page numbers automatically generated by the ECF system.

[2] Based on the Exhibits submitted, it appears that Bank of America initiated foreclosure proceedings against Plaintiffs in or before April 2014. The Superior Court entered an Order on March 12, 2015 authorizing a Sheriff's Sale of the property to satisfy the amount of the mortgage owed by Plaintiffs to Bank of America, and the sale took place in June 2017. (Exhibits to Compl. 13, ECF No. 1-1.) Bank of America purchased the property at the Sheriff's Sale for $1,000 and assigned its rights in the property to Wilmington Savings Fund Society, FSB, as Trustee for Stanwich Mortgage Loan Trust C ("Wilmington"). (*Id.* at 16-20.) On July 18, 2017, counsel for Wilmington filed a Certification in Support of Writ of Possession (*id.* at 27) and a Writ of Possession was issued on July 31, 2017. (*id.* at 24-25).

"Quitclaim Deed" for Plaintiffs' payment of $447.00 "for taxes or other municipal liens assessed for the property" (*id.* at 30) along with the final two pages of what appears to be a separate document also related to the signing of a quitclaim deed on February 1, 2018 "to reconvey the deed issued in favor of US BANK CUST/TLCF 2012A, LLC" (*id.* at 31-32).

As an initial matter, putting aside the fact that Defendants do not appear to have been served, it is unclear that the Court has jurisdiction to decide the dispute raised in Plaintiffs' current motion. Plaintiffs' Complaint raises constitutional rights claims. Plaintiffs' emergent motion, however, seeks to stay an eviction resulting from a state court proceeding. The available remedies should Plaintiffs prevail on the claims in their current Complaint, therefore, are different than the remedies sought by the present motion. As such, it is unclear if or how the Court would have jurisdiction to hear a motion unrelated to the operative pleading. In addition, the Court's supplemental research reveals that Plaintiff Ali filed for bankruptcy on January 29, 2018. (*See* Bankr. No. 18-11693 (D.N.J.).) Accordingly, any potential claim[3] possessed by Plaintiff Ali is arguably property of the bankruptcy estate and Plaintiff Ali appears to be subject to the Bankruptcy Court's jurisdiction.

Further, to the extent the Court does have jurisdiction over this matter, an abstention doctrine would apply. Plaintiffs' own exhibits establish that the Sheriff's Sale (and subsequently, Plaintiffs' eviction) occurred pursuant to a state court order issued before this litigation was commenced. (*See generally*, Exhibits to Compl.) "The *Rooker-Feldman* doctrine bars federal district courts from hearing cases 'that are essentially appeals from state-court judgments.'" *Nest v. Nationstar Mortg., LLC*, 2016 U.S. Dist. LEXIS 117199, *4 (D.N.J. Aug. 31, 2016) (citing

---

[3] Here, it is not clear whether Plaintiff Ali even has a claim, as the property at issue was already sold via the Sherriff's Sale.

*Great W. Mining & Mineral Co. v. Fox Rothschild LLP*, 615 F.3d 159, 165 (3d Cir. 2010)). "The Third Circuit has specifically held that the *Rooker-Feldman* doctrine bars federal courts from providing relief that would invalidate a state court foreclosure decision." *Id.* (citing *Gage v. Wells Fargo Bank, NA AS*, 521 F. App'x 49, 51 (3d Cir. 2013)).

*Rooker-Feldman* applies where: "(1) the federal plaintiff lost in state court; (2) the plaintiff complain[s] of injuries caused by [the] state-court judgments; (3) those judgments were rendered before the federal suit was filed; and (4) the plaintiff is inviting the district court to review and reject the state judgments." *Great W. Mining & Mineral Co.*, 615 F.3d at 166. Here, Plaintiffs' property was sold pursuant to a state court action; Plaintiffs are being evicted from their home as a result of the sale; the Sheriff's Sale occurred in 2017, prior to Plaintiffs' initiation of this action in February 2018; and Plaintiffs are asking the District Court to stay the eviction. Even without access to all of the relevant background, it is clear from the current submission that the Court cannot issue the emergent relief requested by Plaintiffs because of the *Rooker-Feldman* doctrine. This appears to be exactly the situation where "a favorable decision in federal court would require negating or reversing the state-court decision." *Nest*, 2016 U.S. Dist. LEXIS 117199, at *4 (citing *Great W. Mining & Mineral Co.*, 615 F.3d at 170 n.4). Any challenge to the order(s) regarding the sale or eviction, therefore, must be appealed through the state courts, not brought separately in federal court.[4]

---

[4] The Court also notes that Plaintiffs' submission at ECF No. 10, "Application for Temporary Restraining Order," seeks the same relief as the current motion. As such, the Court also denies Plaintiffs' application (ECF No. 10).

4

Accordingly,

**IT IS** on this 2nd day of May 2018, **ORDERED** that:

1. Plaintiffs' Motion for Emergent Relief (ECF No. 12) is DENIED.
2. Plaintiffs' Application for Temporary Restraining Order (ECF No. 10) is DENIED.

s/Michael A. Shipp<br>
**MICHAEL A. SHIPP**<br>
**UNITED STATES DISTRICT JUDGE**