NOT FOR PUBLICATION

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| FAROOQ ALI and SHAZIA MEHR, <br><br> Plaintiffs, <br><br> v. <br><br> BANK OF AMERICA, MUNICIPAL TAX COLLECTOR JUDITH VASSALLO, US BANK CUST/TLCF 2012, LLC and THE SHERRIFF DEPARTMENT, <br><br> Defendants. | Civil Action No. 18-2054 (MAS) (DEA) <br><br> **MEMORANDUM OPINION** |

**SHIPP, District Judge**

This matter comes before the Court upon Defendants Judith Vassallo ("Vassallo") and the Somerset County Sheriff's Office's ("Sheriff's Office") motions to dismiss. (ECF Nos. 7, 14.) Vassallo and the Sheriff's Office each move to dismiss Plaintiffs Farooq Ali and Shazia Mehr's ("Plaintiffs") Complaint for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6). Plaintiffs did not timely oppose the motions. On June 6, 2018, the Court entered a Text Order extending the time for Plaintiffs to oppose. The Court indicated that if Plaintiffs failed to file opposition by the extended date of June 18, 2018, the motions would be treated as unopposed. (ECF No. 15.) Plaintiffs failed to submit opposition. The Court, therefore, deems Defendants' motions as unopposed, and decides the matter without oral argument pursuant to Local Civil Rule 78.1. For the reasons stated below, Defendants' motions are granted, and Plaintiffs' Complaint is dismissed.

## I. Background

Plaintiffs, acting *pro se*, initiated this action by filing a Complaint on February 13, 2018. (ECF No. 1.) In the eight-count Complaint, Plaintiffs allege: violations of 42 U.S.C. §§ 1983 and 1985(3) (Counts One, Two, and Three); malicious abuse of process (Count Four); conspiracy pursuant to Title 18 U.S.C. §§ 241 and 242 (Count Five); intentional infliction of emotional distress (Count Six); mail fraud (Count Seven); and fraud (Count Eight). (Compl., ECF No. 1.) Plaintiffs' Complaint, which is confusing and, at times, incomprehensible—appears to claim that one or both Plaintiffs signed an "unconscionable contract" to purchase their property and Bank of America filed a foreclosure action on April 21, 2014. (*Id.* at 2.)[1] Plaintiffs claim they were "not aware of the lender obtaining the promissory note" and were fraudulently induced into signing the note. (*Id.*) The underlying facts, which are mostly gleaned from the exhibits attached to the Complaint, relate to a previously-resolved state court *lis pendens* action and the Sheriff's sale of Plaintiffs' property. (Compl. Exs. 1, 3, 5, 7, 9, 12-15, 16-22, 27, ECF No. 1-1.)[2] Vassallo and the Sherriff's Office separately moved to dismiss the Complaint.

## II. Legal Standard

"Federal Rule of Civil Procedure 8(a)(2) requires 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555

---

[1] Plaintiffs' Complaint does not contain page numbers; therefore, the Court refers to the page numbers automatically generated by the ECF system.

[2] Plaintiffs also filed two other injunctive applications that the Court previously denied. On April 10, 2018, Plaintiffs filed an application for a temporary Restraining Order to stay all proceedings (ECF No. 10.) Shortly thereafter, on April 27, 2018, Plaintiffs filed an emergency motion to stay eviction pending an outcome of this litigation. (ECF No. 12.) On May 2, 2018, the Court denied both of these requests. (ECF No. 13.)

(2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). On a motion to dismiss for failure to state a claim, the "defendant bears the burden of showing that no claim has been presented." *Hedges v. United States*, 404 F.3d 744, 750 (3d Cir. 2005).

A district court conducts a three-part analysis when considering a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). *See Malleus v. George*, 641 F.3d 560, 563 (3d Cir. 2011). "First, the court must 'tak[e] note of the elements a plaintiff must plead to state a claim.'" *Id.* (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 675 (2009)). Second, the court must "review[] the complaint to strike conclusory allegations[.]" *Id.* The court must accept as true all of the plaintiff's well-pleaded factual allegations and "construe the complaint in the light most favorable to the plaintiff[.]" *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (citation omitted). In doing so, however, the court is free to ignore legal conclusions or factually unsupported accusations that merely state "the-defendant-unlawfully-harmed-me." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555). Finally, the court must determine whether "the facts alleged in the complaint are sufficient to show that the plaintiff has a 'plausible claim for relief.'" *Fowler*, 578 F.3d at 211 (quoting *Iqbal*, 556 U.S. at 679). A facially plausible claim "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 210 (quoting *Iqbal*, 556 U.S. at 678).

## III.  Parties' Positions

### A.  Vassallo's Motion to Dismiss

Vassallo argues that there is no cause of action in the Complaint that can be sustained against a municipal tax collector and, in any event, the municipal tax collector is entitled to absolute immunity under the New Jersey Tort Claims Act. (*See* Vassallo's Moving Br., ECF No. 7-1.) Specifically, Vassallo argues that there is only one allegation in the Complaint related to

her—that she was the Municipal Tax Collector when a tax lien was sold against Plaintiffs' property. (*Id.* at 5.)[3] Vassallo argues that this is clearly insufficient to state a cause of action against her.

B.     Sheriff's Office's Motion to Dismiss

The Sheriff's Office argues that Plaintiffs have failed to state a claim, the Sheriff's Office is not a suable entity, and Plaintiffs have not stated a claim for a violation of Section 1983 or Section 1985. (*See* Sheriff's Office's Moving Br., ECF No. 14.) The Sheriff's Office, in the alternative, requests that the Court require Plaintiffs to amend the complaint. (*Id.*)

Plaintiffs have not responded to either motion.

**IV.     Discussion**

As an initial matter, the Court finds that Plaintiffs' Complaint fails to meet the pleading requirements of Federal Rule of Civil Procedure 8(a). The Court had difficulty in discerning which claims were bought against which entities or individuals and the factual basis for each claim. Although the Court gave more leniency to Plaintiffs' pleading due to their *pro se* status, the claims are incomprehensible and confusing. The Complaint makes it difficult to glean factual or procedural history due to its meandering organization, and fails to identify which defendants the Plaintiffs are asserting claims against. "A Complaint's failure to differentiate between defendants can warrant dismissal in and of itself, under Fed. R. Civ. P. 8(a)." *Turner v. N.J. State Police*, No. 08-5163, 2017 WL 1190917, at *10 n.22 (D.N.J. Mar. 29, 2017). Additionally, the Complaint fails to define or clearly identify which defendants the Plaintiffs are asserting claims against.

---

[3] The page numbers in Vassallo's brief are identified by roman numerals. Instead of citing to the roman numerals, the Court refers to the page numbers automatically generated by the ECF system.

Further, the Court finds that the single allegation against Vassallo is entirely insufficient under the federal rules to maintain a cause of action for any of the claims alleged in the Complaint.

Nevertheless, as Plaintiffs are proceeding *pro se*, the Court will provide Plaintiffs with an opportunity to amend the Complaint.

## V.     Conclusion

For the reasons set forth above, Vassallo's Motion to Dismiss (ECF No. 7) is granted; and the Sherriff's Office's Motion to Dismiss (ECF No. 14) is granted.[4]  An Order consistent with this Memorandum Opinion will be entered on the docket.

s/ Michael A. Shipp
**MICHAEL A. SHIPP**
**UNITED STATES DISTRICT JUDGE**

**Dated:** August 9th, 2018

---

[4] As a result of this decision, Plaintiffs' motion to compel Defendants to sign a sworn affidavit (ECF No. 9) is denied as moot.